SHENG LIU, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 07–0554–ag.

United States Court of Appeals, Second Circuit.

Aug. 24, 2007.

John Z. Zhang, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Aviva L. Poczter, Senior Litigation Counsel; John W. Blakeley, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Sheng Liu, a native and citizen of the People's Republic of China, seeks review of a January 19, 2007 order of the BIA affirming the August 18, 2005 decision of Immigration Judge ("IJ") Paul A. Defonzo denying Liu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sheng* Liu, No. A 96 031 669 (B.I.A. Jan. 19, 2007), *aff'g* No. A 96 031 669 (Immig. Ct. N.Y. City, Aug. 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). When "the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision," this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews "the IJ's decision including the portions not explicitly discussed by the BIA". *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). Here, the BIA disagreed with the IJ's finding that Liu had filed a frivolous asylum application. In addition, the BIA referenced some, but not all of the factors upon which the IJ relied in making his adverse credibility finding. Thus, we review both the BIA's and IJ's decisions, excluding the IJ's finding of frivolousness.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ Substantial evidence supports the agency's adverse credibility determination. The record reflects that when faced with vague testimony regarding the manner in which Chinese government officials warned Liu not to attend an underground church, the IJ adequately probed for further details. However, this probing either yielded no information from Liu, or elicited further discrepancies between his testimony and written application. Therefore, Liu's vague testimony substantiated the IJ's adverse credibility finding. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir.2003).

The IJ also reasonably relied on inconsistencies in the record between Liu's testimony, written application, and statements from family members to support his adverse credibility finding. For instance, the IJ accurately observed that Liu testified that three cadres and six public security officials "burst into" a

church gathering in August 2003, but stated in his written application only three village cadres entered the church. In addition, Liu testified that he lived at his aunt's home from August 2003 until November 2003, and did not work, but he indicated in his written application that he was living at home and working in construction during that period. The IJ permissibly rejected Liu's explanations for these various discrepancies—that his written application and family members' statements were incorrect. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir. 2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). While some of these inconsistencies may have been minor, the IJ properly found that, "in the aggregate," they substantiated his adverse credibility determination. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted) (observing that "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, . . . the cumulative effect may nevertheless be deemed consequential by the fact-finder").

Additionally, the IJ reasonably found that Liu's omission from his written application of an alleged physical altercation between him and government officials, further undermined his credibility. Because this omission was material to his claim that he had narrowly escaped arrest in China on account of his practice of Christianity, it supported the IJ's adverse credibility finding. *Cf. Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). Moreover, we ac-

cord deference to the IJ's demeanor finding, specifically, that Liu's responses were often "unresponsive." *See Zhou Yun Zhang,* 386 F.3d at 73 (emphasizing that a fact-finder who assesses testimony together with demeanor is in the best position to discern more accurately the impression conveyed by the witness).

Finally, there is no indication in the record that the deficiencies in Liu's testimony were caused by Liu's lack of education, or errors in the interpreter's translation, as Liu argues in his brief to this Court. Liu, represented by counsel at all stages of his proceedings, did not raise any objections to the translation during his hearing.

■ Because the only evidence of a threat to Liu's life or freedom or a likelihood of torture depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.